_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-01252-FWS-ADS | Date: February 22, 2024 |
| Title: John Lee v. Hovsep H. Wassilian | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE [18]**

Before the court is Plaintiff John Lee's ("Plaintiff") Motion for Default Judgment against Defendant Hovsep H. Wassilian ("Defendant"). (Dkt. 18 ("Motion" or "Mot.").) Based on the state of the record, as applied to the applicable law, the Motion is **DENIED WITHOUT PREJUDICE**.

**I.    Background**

Plaintiff alleges he is "wheelchair-bound" and accordingly requires a wheelchair to travel in public. (Dkt. 1 ("Compl.") ¶ 1.) In April 2023, Plaintiff went to a restaurant owned by Defendant. (*Id.* ¶¶ 2, 10.) However, Plaintiff alleges he encountered several barriers at a parking spot on the premises of Defendant's restaurant. In particular, Plaintiff alleges Defendant (1) did not post required "van accessible" and "unauthorized parking" signage; (2) failed to provide a van accessible parking space with "no parking" markings or blue hatched lines painted on the surface of the ground; (3) failed to mark the restaurant's van accessible parking space with the International Symbol of Accessibility; and (4) posted required signages "lower than the height allowed by the standards." (*Id.* ¶ 13.) Plaintiff alleges the circumstances "denied Plaintiff the full and equal access to the Business and caused Plaintiff difficulty and frustration." (*Id.* ¶ 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01252-FWS-ADS                        Date: February 22, 2024
Title: John Lee v. Hovsep H. Wassilian

      Plaintiff initiated this action on July 13, 2023, bringing one claim for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 120101 *et seq.* ("ADA") and four causes of action under California state law against Defendant. (*See generally id.*) After issuing an order to show cause and receiving Plaintiff's response, the court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice on October 20, 2023. (Dkt. 17.) On November 7, 2023, Plaintiff filed the Motion, seeking default judgment against Defendant on the ADA claim. (*See* Mot.)

**II.**     **Legal Standard**

       A.     <u>Procedural Requirements for a Default Judgment</u>

      A party seeking a default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules. *See, e.g.*, *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Under Federal Rule of Civil Procedure 55(b), a party may only seek a default judgment from the court following an entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b). Additionally, the "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The party also must comply with Local Rule 55-1 by submitting a declaration alongside the application for default judgment that includes the following information:

> (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).

L.R. 55-1.

       B.     <u>Substantive Requirements for a Default Judgment</u>

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01252-FWS-ADS | Date: February 22, 2024 |
| Title: John Lee v. Hovsep H. Wassilian | |

___

Where a party seeking default judgment meets the procedural requirements discussed above, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment, including:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal quotation marks and citations omitted)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

**III.   Discussion**

    A.    <u>Procedural Requirements</u>

Based on the record, the court finds Plaintiff has met the procedural requirements for default judgment. The clerk entered default as to Defendant on October 20, 2023. (Dkt. 16; *see also* Dkt. 18-2 ("Kim Decl.") ¶ 5.) Plaintiff's counsel's declaration states Defendant is an individual but not a minor, incompetent person, or person protected by the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521. (Kim Decl. ¶ 3.) Accordingly, the court finds

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01252-FWS-ADSDate: February 22, 2024
Title: John Lee v. Hovsep H. Wassilian

___

Plaintiff's supporting materials meet the procedural requirements for entry of default judgment and proceeds to evaluate the *Eitel* factors. *See Eitel*, 782 F.2d at 1471-72.

    B.    <u>Substantive Requirements (*Eitel* Factors)</u>

        1.  *Possibility of Prejudice to Plaintiffs*

    The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Although Defendant was served,[1] Defendant has not appeared to defend this action. (*See generally* Dkt.) Accordingly, the court finds Plaintiff will be prejudiced if default judgment is not entered because Plaintiff will "likely be without other recourse for recovery." *See PepsiCo*, 238 F. Supp. 2d at 1177. Therefore, the first *Eitel* factor weighs in favor of granting default judgment.

        2.  *The Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint*

    The second and third *Eitel* factors address the substantive merits of Plaintiffs' claims and the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining "the issue [as to the second and third factors] is whether the allegations in the complaint are sufficient to state a claim"); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."); *see also Fed. Nat. Mortg. Ass'n v. George*, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors.").

___

[1] Plaintiff's proof of service states that Defendant was served on August 5, 2023. (Dkt. 14.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01252-FWS-ADS                          Date: February 22, 2024
Title: John Lee v. Hovsep H. Wassilian

___

       Plaintiff seeks default judgment on the Complaint's ADA claim against Defendant.[2] To state a claim for violation of the ADA, the plaintiff must demonstrate that "(1) [the plaintiff] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [their] disability." *Molski v. M. J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). Under the ADA, "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9); *see also Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038-39 (9th Cir. 2020) (discussing factors relevant to determining whether an action is readily achievable).

       The court finds Plaintiff adequately alleges the first two elements of his claim. The Complaint alleges Plaintiff is "wheelchair-bound" and requires a wheelchair to travel in public, which substantially limits in his ability to walk. (Compl. ¶ 1.) The Complaint also alleges Defendant owns a restaurant that is open to the public. (Compl. ¶¶ 4, 11.) These allegations are sufficient to establish that Plaintiff suffers from a "disability" under the ADA and Defendant owns a place of public accommodation. *See* 42 U.S.C. §§ 12102(1)(A), (2)(A) (defining "disability" as "a "physical or mental impairment that substantially limits one or more major life activities of [the plaintiff]," including "walking [or] standing"); *id.* § 12181(7)(B) (listing "restaurant[s], bar[s], or other establishment[s] serving food or drink" as private entities that may be considered public accommodations under the ADA).

       However, the court concludes the Complaint insufficiently pleads the third element of Plaintiff's ADA claim. The Complaint alleges that Defendant did not post signage required under the ADA or properly designate an accessible parking spot. (Compl. ¶¶ 24, 26, 28, 30.)

___

[2] As noted, the court previously declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice. (Dkt. 12.)

___

**CIVIL MINUTES – GENERAL**                                  5

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01252-FWS-ADS                                    Date: February 22, 2024
Title: John Lee v. Hovsep H. Wassilian

___

Per the Complaint, Defendant "ha[s] and still ha[s] had and still have control and dominion over the conditions at this location and ha[s] and still ha[s] the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled in compliance with ADDAG and Title 24 regulations." (*Id.* ¶ 17.) However, these "conclusory allegations regarding readily achievable removal of a barrier are insufficient in the default judgment setting." *See, e.g.*, *Williams v. P.I. Properties No. 42, L.P.*, 2022 WL 16556018, at *4 (C.D. Cal. Oct. 31, 2022) (collecting cases); *Fernandez v. Martinez*, 2023 WL 3269772, at *6 (C.D. Cal. Apr. 5, 2023) (finding allegations that the barriers "are easily removed without much difficulty or expense," or "are the types of barriers identified by the Department of Justice as presumably readily achievable to remove" insufficient); *Ho v. Brite Spot LLC*, 2023 WL 8884365, at *3 (C.D. Cal. Oct. 19, 2023) (finding allegations that Defendant "possessed and enjoyed sufficient control and authority to modify the Property" insufficient to demonstrate that removal was readily achievable); *Bouyer v. Shaina Prop., LLC*, 2020 WL 7775618, at *2 (C.D. Cal. Nov. 2, 2020) (similar); *Core v. Los Feliz Oil, Inc.*, 2021 WL 3145681, at *4-5 (C.D. Cal. Feb. 11, 2021) (similar). Because the Complaint lacks further detail, it does not plausibly allege the accommodation Plaintiff seeks is readily achievable. *See, e.g.*, *Yiun v. Phillips*, 2022 WL 2204140, at *4 (C.D. Cal. Jan. 26, 2022) (denying motion for default judgment where plaintiff did not demonstrate the requested accommodations to parking area were readily achievable but instead relied on allegations that Defendant had the financial ability to "remove the[] barriers without much difficulty or expense") (collecting cases).

Accordingly, the court finds Plaintiff does not plausibly allege an ADA violation in the Complaint. Therefore, the second and third *Eitel* factors weigh against entry of default judgment.

3. *Sum of Money at Stake*

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This factor compares the "recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." *United States v. Bronster Kitchen, Inc.*, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015). "When the sum of money at stake in the litigation is substantial or unreasonable,

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01252-FWS-ADS | Date: February 22, 2024 |
| Title: John Lee v. Hovsep H. Wassilian | |

default judgment is discouraged." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (quoting *Bd. Trs. v. Core Concrete Constr., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012)). "However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.*

In this case, Plaintiff requests a default judgment of $3,037.00 comprised of $2,460.00 in attorney's fees and $577.00 in costs. (Kim Decl. ¶ 7 & Exh. A.) The amount requested "is relatively modest and does not weigh against default judgment." *See Villegas v. Neptune Land LLC*, 2021 WL 4839571, at *3 (C.D. Cal. Feb. 9, 2021) (describing $4,000 in statutory damages and $4,984.50 in attorneys' fees and costs sought by plaintiff in connection with default judgment on complaint alleging parking spaces were inaccessible in violation of antidiscrimination statute) (citation omitted). Accordingly, this factor weighs in favor of default judgment.

### 4. *Possibility of a Dispute Concerning Material Facts*

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (quoting *TeleVideo*, 826 F.2d at 917-18).

Because Defendant has not appeared or defend in this action, the court accepts the well-pleaded factual allegations in the Complaint as true. *See TeleVideo*, 826 F.2d at 917-18; *Geddes*, 559 F.2d at 560. Doing so, the possibility of a dispute as to any material facts is remote. Accordingly, the court concludes the fifth *Eitel* factor weighs in favor of granting default judgment.

### 5. *Whether Default Was Due to Excusable Neglect*

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion,"

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01252-FWS-ADS | Date: February 22, 2024 |
| Title: John Lee v. Hovsep H. Wassilian | |

the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

The proof of service filed with the court indicates Defendant was personally served with the summons and Complaint in this action on August 5, 2023 in Pasadena, California. (Dkt. 14) Because the record indicates that Plaintiff adequately served Defendants, the court concludes the possibility Defendant's default resulted from excusable neglect is minimal. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) (finding "the possibility of excusable neglect [was] remote" where the defendant was properly served). The court concludes that the sixth *Eitel* factor weighs in favor of entering default judgment. *Id.*

### 6. *Policy Favoring Decision on the Merits*

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation omitted). While "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472 (citation omitted), "this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. 1996)). Accordingly, "when a defendant fails to appear and respond, default judgment is appropriate." *Allstate Life Ins. Co. v. Markowitz*, 590 F. Supp. 3d 1210, 1217 (C.D. Cal. 2022) (citation omitted).

Defendant has not appeared or responded to the Complaint in this action. (*See generally* Dkt.) Under these circumstances, "a decision on the merits [is] impractical, if not impossible" and default judgment may be entered in appropriate circumstances. *See Landstar Ranger*, 725 F. Supp. 2d at 922. Accordingly, this factor does not preclude entry of default judgment. *Id.*

### 7. *Conclusion on the Eitel Factors*

In conclusion, the court finds *Eitel* factors one, four, five, six, and seven weigh in favor of an entry of default judgment; however, factors two and three strongly weigh against default judgment. On balance, given that the second and third *Eitel* factors are "the most important," *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01252-FWS-ADS | Date: February 22, 2024 |
| Title: John Lee v. Hovsep H. Wassilian | |

2019), the court concludes the *Eitel* factors weigh against default judgment, *see Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors."). Accordingly, the court **DENIES** the Motion.

## IV. Disposition

For the reasons stated, the Motion (Dkt. 23) is **DENIED**. The Complaint is **DISMISSED with leave to amend**. *See, e.g.*, *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice so requires, and requests for leave should be granted with extreme liberality.") (citations and internal quotation marks omitted). Plaintiff is **DIRECTED** to file an amended complaint consistent with this Order within **twenty-one (21) days** of this Order. Failure to file an amended complaint on or before the deadline set by the court will result in this dismissal of this action with prejudice and without further notice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962).

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku